NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID HENRY PINCKNEY,

*Plaintiff*,

v.

STEVEN SNYDER, THOMAS RINALDI,
and CLIFTON POLICE DEPARTMENT,

*Defendants*.

Civil Action No. 24-251

**OPINION**

December 31, 2025

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Steven Snyder, Thomas Rinaldi, and Clifton Police Department's Motion to Dismiss *pro se* Plaintiff David H. Pinckney's Complaint, and Plaintiff's Motion for Summary Judgment against Defendants. (ECF 9, "Motion to Dismiss" or "MTD"; ECF 1, "Complaint" or "Compl."; ECF 8, "Motion for Summary Judgment" or "MSJ.") Plaintiff opposed the Motion to Dismiss (ECF 11, "Opposition to Motion to Dismiss" or "Opp. MTD.") and Defendants replied in support of the Motion to Dismiss (ECF 12, "Reply"). Defendants also opposed the Motion for Summary Judgment. (ECF 10, "Opposition to Motion for Summary Judgment" or "Opp. MSJ.") The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In his Complaint, filed on January 16, 2024, Plaintiff alleges that "[u]sing a 'prohibited civil arrest warrant,' Steven Snyder converted the man David Henry Pinckney to the artificial person on the alleged warrant, then arrested/kidnapped and incarcerated the man David Henry Pinckney, making the man David Henry Pinckney surety for an arrest warrant targeting a person." (Compl. ¶ III(C).)  Plaintiff further alleges that "Thomas Rinaldi is Steven Snyder's supervisor" and "Clifton Police is Steven Snyder's employer."  (*Id.*)  Plaintiff alleges the arrest took place in Clifton, New Jersey, and he asserts that he suffered the injury of incarceration.  (*Id.* ¶¶ III(A), IV.) Plaintiff asserts claims of false arrest, "illegal incarceration," violation of 18 U.S.C. § 242, violation of 28 U.S.C. § 2007, and conversion.  (*Id.* ¶ II(B).)  To redress his alleged injury, Plaintiff seeks damages totaling $150,000, or $50,000 from each Defendant.  (*Id.* ¶ V.)  Plaintiff did not furnish the Court with details about the date of the arrest or the events leading up to the arrest in the Complaint.

On March 4, 2025, before any Defendant filed an answer or motion responsive to the Complaint, Plaintiff filed the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  (*See generally* MSJ.)  Plaintiff argues that Summary Judgment is appropriate because "[t]he 'artificial and fictitious person'/usufruct/logotype 'DAVID H. PINCKNEY' and the man 'David Henry Pinckney' are two separate entities" and these two entities were improperly "described as the same[] throughout [Officer Snyder's] incident report" and the arrest warrant.  (*Id.*

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1).  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true.  *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The Court construes Plaintiff's *pro se* filings liberally.  *See Marcinek v. Comm'r*, 467 Fed. Appx. 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

¶¶ IV(2), II.)  On March 14, 2025, Defendants filed their Opposition to the Motion for Summary Judgment, requesting that the Court deny the Motion for Summary Judgment because "the parties have not engaged in any discovery and it does not appear that Plaintiff properly obtained leave of the Court to file and early Motion for Summary Judgment."  (Opp. MSJ.)

On March 7, 2025, Defendants filed their Motion to Dismiss, arguing that the Complaint is barred by several preclusion doctrines, including *res judicata*, collateral estoppel, the entire controversy doctrine, and the *Rooker-Feldman* doctrine.  (*See generally* MTD.)  The Motion to Dismiss included context about the circumstances of the arrest of which Plaintiff complains and the events leading to the instant lawsuit.  According to the documents attached as exhibits to the Motion to Dismiss, Plaintiff was arrested on February 9, 2023, following a traffic stop initiated by Defendant Snyder upon observing Plaintiff driving while using a cell phone and not wearing a seatbelt.  (*Id*. at Ex. B.)  During the traffic stop, Defendant Snyder learned that Judge Kathy C. Qasim of the Superior Court of Somerset County had issued an arrest warrant for Plaintiff on December 6, 2022, for Plaintiff's failure to make child support payments as ordered by that court. (*Id*. at Ex. C.)  Defendant Snyder then arrested Plaintiff pursuant to the warrant.  (*Id*. at 1.)  Plaintiff then filed a complaint in Passaic County Superior Court on May 23, 2023, against Defendant Snyder, alleging trespass, false imprisonment, false arrest, kidnapping, and conversion.  (*Id*. at Ex. A.)  Defendant Snyder moved to dismiss that complaint, and on July 27, 2023, Judge Adam Jacobs granted Defendant's motion, ruling that the complaint was time-barred under the New Jersey Tort Claims Act and that Plaintiff had failed to demonstrate a deprivation of a clearly established constitutional right.  (*See generally Id*. at Ex. D.)  On August 9, 2023, Plaintiff filed another complaint in the same court, asserting the same causes of action with the addition of a claim for negligent misrepresentation.  (*See generally Id*. at Ex. E.)  On September 22, 2023, Judge Jacobs

dismissed the second complaint.  (*See generally Id.* at Ex. F.)  Following the dismissal of the second state complaint, Plaintiff filed the instant lawsuit as described *supra*.  (Compl.)

On March 25, 2025, Plaintiff filed his Opposition to the Motion to Dismiss, asserting largely the same claims and arguments found in his Motion for Summary Judgment.  (*See generally* Opp. MTD.)  On April 4, 2025, Defendants filed their Reply in support of the Motion to Dismiss, noting that "Plaintiff did not respond to any of the substantive arguments that were raised in [Defendants'] moving brief[.]"  (Reply.)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).  The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A fact is only "material" for

purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a

defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims."  *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

III.    **ANALYSIS**

a.  Motion for Summary Judgment

Plaintiff's Motion for Summary is subject to dismissal because the Court agrees with Defendants that the Motion was procedurally improper.  At the time the Motion was filed, the parties had not engaged in any discovery and the Defendants had not submitted any briefs responding to the allegations in the Complaint.  "At this early stage of the proceedings, before discovery has commenced, a motion for summary judgment is premature." *Lewis v. Lehigh Valley Logistics*, No. 21-01753, 2021 WL 3030221, at *3 (E.D. Pa. July 19, 2021) (citing *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977) ("[W]e have said that where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of

6

discovery should be granted almost as a matter of course."); *Jacobs v. York Union Rescue Mission, Inc.*, No. 12-0288, 2013 WL 433327 at *7 (M.D. Pa. Feb. 5, 2013) (finding that the motion for summary judgment was premature in advance of discovery and the relevant facts-the number of the defendant's employees-were solely in the possession of the defendant); *Walsh v. Irvin Stern's Costumes*, No. 05-2515, 2006 U.S. Dist. LEXIS 2120 at *34-35 (E.D. Pa. Jan. 19, 2006) (concluding that because the plaintiff has had no opportunity to obtain discovery on the issue of the number of persons employed by the defendants, the motion for summary judgment was premature)).  Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**.

      b.  Motion to Dismiss

Defendants are correct that the Complaint is barred by *res judicata*, collateral estoppel, the entire controversy doctrine, and the *Rooker-Feldman* doctrine.  As explained *infra*, the Court grants dismissal on the basis of *res judicata*, and therefore need not address the other doctrines Defendants invoke.

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit.  […]  A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'"  *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *See In re Mullarkey,* 536 F.3d 215, 225 (3d Cir. 2008).  Here, all three elements are satisfied: the Superior Court of Passaic County has rendered two final judgments in two cases featuring the same primary Defendant, alleging the same injuries resulting from the set of facts.  (*See* MTD at Ex. A, Ex. D, Ex. E, Ex. F.)  Even though Plaintiff now adds additional defendants and some claims alleging violations of federal law, the Complaint must still be dismissed because "when a court of

competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim on demand, but as to any other admissible matter which might have been offered for that purpose.'" *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) (citing *Cromwell v. County of Sac*, 94 U.S. 351 (1876)).

## IV.   <u>CONCLUSION</u>

Accordingly, for the reasons set forth herein, Plaintiff's Motion for Summary Judgment is hereby **DENIED**, and Defendants' Motion to Dismiss is hereby **GRANTED with prejudice**.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties